UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK            CASE No:
-------------------------------------------------------------------

DIONNA KING
MAYZABETH LOPEZ

                  Plaintiffs,                    **COMPLAINT**

        -against-                              PLAINTIFFS DEMAND
                                                                TRIAL BY JURY

THE CITY OF NEW YORK,
P.O. "JOHN DOE" 1
P.O. "JOHN DOE" 2
P.O. "JOHN DOE" 3

1 'through' 3 inclusive,
the name of the last defendants
being fictitious, the true names
of the defendants being unknown
to the plaintiff.

                  Defendant(s)
-------------------------------------------------------------------

      Plaintiffs, DIONNA KING and MAYZABETH LOPEZ, by their attorney, Alexis G. Padilla, Esq., complaining of the defendants, The City of New York and P.O. "JOHN DOE" 1-3, collectively referred to as the Defendants, upon information and belief allege as follows:

### NATURE OF THE ACTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution, and under the law and statutes of the State of New York, against P.O. "JOHN DOE" 1-3, police officers of the City of New York, in their individual capacities and against the City of New York. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law.

2. It is alleged that the individual police officer defendants interfered with the protected free speech rights of plaintiffs Dionna King and Mayzabeth Lopez; that they made an unreasonable seizure of the persons of Dionna King and Mayzabeth Lopez, and used excessive force against Dionna King and Mayzabeth Lopez, violating their rights under the First, Fourth and Fourteenth Amendments to the United States Constitution. It is further alleged that these violations and torts were committed as a result of policies and customs of the City of New York.

3. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## **PARTIES**

4. Dionna King was at all material times a resident of Brooklyn, New York, and of full age.

5. Mayzabeth Lopez was at all material times a resident of Broolyn, New York and of full age.

6. Defendants "John Doe" 1-3 were at all times relevant to this complaint duly appointed and acting police officers of the police department of the City of New York, acting under color of law, to wit, under color of the statues, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

7. The City of New York is a municipal corporation and the public employer of the said officers.

## **FACTS**

8. Plaintiffs Dionna King and Mayzabeth Lopez are community organizers, activists, and volunteers in an organization called "Cop Watch."

9. "Cop Watch" draws its volunteers from a consortium of community organizations dedicated to documenting interactions between community members and the New York Police Department.

10. "Cop Watch" trains its volunteers in how to communicate with the police and in how to tailor their actions so as not to go beyond what their constitutional rights permit.

11. On June 8, 2014, plaintiffs were assigned to the Puerto Rican Day Parade festivities in Sunset Park, Brooklyn.

12. Plaintiffs and their fellow team members identified themselves as representatives of "Cop Watch" by wearing t-shirts with the organization's name written in large letters across the front and by wearing headsets and carrying a large video camera.

13. At approximately 7:30 P.M. on June 8, 2014, Plaintiffs were at the corner of 46th Street and 5th avenue in Brooklyn, where the police were attempting to move a crowd of people out of the street and onto the side walk.

14. A group of young community members became agitated and started to yell back at the police officers as they ordered the community members onto the sidewalk.

15. Plaintiff Dionna King and her fellow team members intervened and attempted to calm these community members down.

16. Plaintiff Dionna King and her team convinced the young people to remove themselves from the street and to stop yelling at the police.

17. At this point three other teams of "Cop Watch" volunteers arrived at the scene, making for a total of twelve volunteers and four cameras.

18. The group members took up a position between the police and the community members, as each side grew tense. The "Cop Watch" volunteers stood with their hands up to symbolize non-resistance.

19. The police begin to push and shove the "Cop Watch" volunteers and the other community members who were already on the sidewalk.

20. At this point Police Officer "John Doe" #1 swung a baton, striking plaintiff Dionna King in the leg hard enough to knock her down and leave a bruise the size of a softball on her calf.

21. At about the same moment, another police officer, "John Doe" #2, shoved plaintiff Mayzabeth Lopez to the ground.

22. As plaintiff Dionna King reeled from being struck and plaintiff Lopez lay on the ground, another officer, "John Doe" #3 sprayed pepper spray into the crowd, causing plaintiffs' skin, eyes, and throat to burn intensely.

23. At no time during the events described above, were the plaintiffs disorderly, aggressive, or hostile towards the police.

24. At no time during the events described above, were plaintiffs intoxicated or under the influence of any drugs or alcohol.

25. At no time during the events described above did the plaintiffs pose a threat to the safety of the police or others. Plaintiffs committed no criminal offenses nor were they arrested or ticketed on the day in question.

26. The defendant police officers had no warrant for the arrest of the plaintiffs, no probable cause for the arrest of the plaintiffs and no legal cause or excuse to seize the persons of the plaintiffs.

27. At all time during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

28. As a direct and proximate result of the said acts of the defendant officers, the plaintiffs Dionna King and Mayzabeth Lopez suffered the following injuries and damages;
    a. Physical pain and suffering;
    b. Emotional trauma;
    c. Abridgement of their First Amendment right to free speech and;
    d. Interference with their First Amendment right to peaceably assemble with others.

29. The actions of the defendant officers violated the following clearly established and well settled federal constitutional rights of Dionna King and Mayzabeth Lopez:
    a. Freedom from the unreasonable seizure of their persons;
    b. Freedom from the use of excessive, unreasonable and unjustified force against their persons;
    c. Freedom from the abridgment of their First Amendment right to free speech and;
    d. Freedom from interference with their First Amendment right to peaceably assemble with others.

### COUNT I **42 U.S.C. § 1983 Against Individual Defendants**

30. Paragraphs 1 through 29 are incorporated herein by reference as though fully set forth.

31. Plaintiffs Dionna King and Mayzabeth Lopez claim damages for the injuries set forth above under 42 U.S.C. § 1983 against defendants "John Doe" 1-3 for violation of their constitutional rights under color of law.

### COUNT II **Assault and Battery Against Individual Defendants**

32. Paragraphs 1 through 29 are incorporated herein by reference as though fully set forth.

33. Defendant Police Officers assaulted and battered Dionna King and Mayzabeth Lopez by striking Dionna King with a baton, shoving Mayzabeth Lopez to the ground and spraying them both with pepper spray.

34. In physically assaulting the plaintiffs, the defendant officers were acting in their capacities as NYPD officers, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon the plaintiff.

35. As a result of this assault and battery, plaintiffs Dionna King and Mayzabeth Lopez suffered damages as aforesaid.

### COUNT III **42 U.S.C. § 1983 Against the City of New York**

36. Paragraphs 1 through 29 are incorporated herein by reference as though fully set forth.

37. Prior to June 8, 2014, the City of New York developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in New York City, which caused the violation of plaintiffs' rights.

38. It was the policy and/or custom of the City of New York to inadequately supervise and train its police officers, including defendant officers, thereby failing to adequately discourage constitutional violations on the part of its police officers.

39. As a result of the above described policies and customs, police officers of the City of New York, including the defendant officers, believed that their actions would be tolerated by their supervisors and that misconduct would not result in meaningful punishment.

40. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City of New York to the constitutional rights of persons within the City, and were the cause of the violation of plaintiff's rights alleged herein.

WHEREFORE, the plaintiffs request that the Court:

a. Award compensatory damages to plaintiffs against the defendants, jointly and severally;
b. Award costs of this action to the plaintiffs;
c. Award reasonable attorney's fees and costs to the plaintiffs on Counts I and III of the complaint;
d. Award such other and further relief as this Court may deem appropriate.

The plaintiffs hereby demand a jury trial.

Dated: 11/16/2014

Brooklyn, NY                                                                          Respectfully Submitted


By:  Alexis G. Padilla, Esq.
     575 Decatur Street
     Brooklyn, NY 11233
     (917) 238-2993